## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANDREW GROSS, III,

        Petitioner,

v.                           CASE NO. 06-CV-10551
                                  HONORABLE GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT COURT

UNITED STATES OF AMERICA,

        Respondent,

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND ORDERING THAT THE CASE BE TRANSFERRED TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A).**

      Andrew Gross, III, (petitioner), currently incarcerated at the Wayne County Jail in Detroit, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges his sentence out of the U.S. District Court for the Eastern District of Michigan for seven counts of mail fraud, 18 U.S.C. § 1341, six counts of credit card fraud, 18 U.S.C. § 1029(a)(2), and one count of identity theft, 18 U.S.C. § 1028(a)(7).  For the reasons stated below, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is denied.  It is further ordered that the Clerk of this Court transfer this matter to the United States Court of Appeals for the Sixth Circuit for a determination as to whether petitioner is entitled to a certificate of authorization permitting him to file a second or successive motion to vacate sentence under 28 U.S.C. § 2255.

1

Dockets.Justia.com

## I.   Background

Petitioner was convicted of the above offenses following a jury trial in the U.S. District Court for the Eastern District of Michigan before the Honorable Denise Page Hood.  Petitioner was sentenced to a total of eighty four months in prison.  The conviction was affirmed on appeal. *United States v. Gross,* 84 Fed. Appx. 531 (6th Cir. 2003).

During the pendency of his appeal, petitioner filed a post-conviction motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. *Gross v. United States,* U.S.D.C. 03-CV-72018-DT (E.D. Mich. May 29, 2003)(Hood, J.). Following the conclusion of his appeal, petitioner filed a second motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was also denied. *Gross v. United States,* U.S.D.C. 04-CV-73388-DT (E.D. Mich. December 10, 2004)(Hood, J.); *reconsideration den.* September 2, 2005.  On January 10, 2006, petitioner filed a notice of appeal from the denial of this petition. [1]

Petitioner has now filed a petition for writ of habeas corpus under § 2241, in which he seeks habeas relief on the ground that the probation department used the wrong edition of the Federal Sentencing Guidelines to score the base offense level of his sentencing guidelines and that the sentence imposed in this

---

[1]  This information was obtained from the Eastern District of Michigan's files and records.  A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000); *See also Irving v. Bouchard,* 2005 WL 1802122, * 1 (E.D. Mich. July 25, 2005).

case violated the United State Supreme Court's holding in decision of *United States v. Booker,* 125 S. Ct. 738 (2005).

## II. Discussion

A motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his or her sentence was imposed in violation of the federal constitution or laws. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). A federal prisoner may bring a claim challenging his or her conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *Charles v. Chandler*, 180 F. 3d 753, 756 (6th Cir. 1999). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Id.* at 758. The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999).

The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles,* 180 F. 3d at 756. Thus, the mere fact that

3

the provisions of the Antiterrorism and Eeffective Death Penalty Act (AEDPA)
might prevent petitioner from filing a second or successive motion to vacate or set
aside the sentence, in the absence of newly discovered evidence or a new rule of
constitutional law, would not render the remedy provided by such motion
inadequate or ineffective to allow him to petition for habeas corpus relief. *See
Hervey v. United States*, 105 F. Supp. 2d 731, 733 (E.D. Mich. 2000).

The circumstances under which a motion to vacate sentence brought
pursuant to § 2255 might be deemed inadequate and ineffective so as to permit
relief via a writ of habeas corpus under § 2241 are narrow, as the "liberal
allowance" of the writ would defeat the restrictions placed on successive petitions
or motions for collateral relief imposed by the AEDPA. *United States v. Peterman*,
249 F. 3d 458, 461 (6th Cir. 2001).  To date, no federal circuit court has permitted
a post-AEDPA petitioner who was not effectively making a claim of 'actual
innocence' to use § 2241 (via § 2255's savings clause) as a way of circumventing
§ 2255's restriction on the filing of a second or successive motion to vacate
sentence. *Hervey,* 105 F. Supp. 2d at 733 (citing to *Charles,* 180 F.3d at 757).

Petitioner's claim that he was sentenced under the incorrect edition of the
Federal Sentencing Guidelines involves a challenge to the imposition, as
opposed to the execution of, his sentence and should have been brought as a §
2255 motion to vacate, as opposed to a § 2241 habeas petition. See *Genoa v.
Hemingway,* 14 Fed. Appx. 300, 301 (6th Cir. 2001); *Moses v. Tippy,* 868 F. Supp.

4

469, 470-71 (N.D.N.Y. 1994).  Petitioner, however, has already raised this claim in his second motion to vacate sentence, which was rejected. *Gross,* U.S.D.C. 04-CV-73388-DT, * 4.  Although petitioner did not bring a *Booker* challenge to his sentence in his prior motion to vacate, petitioner did raise a claim that the sentence imposed violated the Supreme Court's holding in *Blakely v. Washington,* 124 S. Ct. 2531 (2004).  *Booker* is basically the "federal counterpart" of *Blakely. See Swain v. United States,* 155 Fed. Appx. 827, 832 (6th Cir. 2005).

Habeas corpus relief is unavailable to a federal prisoner whose claims have already been ruled upon adversely in a prior proceeding. *See e.g. Sandles v. Scott,* 26 F. Supp. 2d 1355, 1356-57 (N.D. Ga. 1998).  Because petitioner's claims have already been decided adversely against him in his prior motion to vacate sentence, he is unable to raise these claims again in a § 2241 habeas petition. *See Casey v. Hemingway,* 42 Fed. Appx. 674, 676-77 (6th Cir. 2002).

Moreover, the Sixth Circuit has held that neither *Blakely nor Booker* can be applied retroactively to cases on collateral review. *See Humphress v. United States,* 398 F. 3d 855, 860 (6th Cir. 2005).  Indeed, the language in *Booker* seems to suggest that it should only be given prospective effect. *See United States v. Booker,* 125 S. Ct. at 769 (*Booker* should apply to all cases on direct review).

The mere fact that petitioner is precluded under the AEDPA from bringing a second or successive motion to vacate sentence in which he could raise a *Booker* claim does not render his remedy under § 2255 to be inadequate or

ineffective. Relief under § 2255 will become available to federal defendants like petitioner if and when *Booker* and *Blakely* are made retroactively applicable to cases on collateral review. *See e.g. Robinson v. Hemingway,* 175 F. Supp. 2d 915, 918 (E.D. Mich. 2001).

Finally, petitioner's claims do not fall within the actual innocence exception that would allow him to file a § 2241 petition. The actual innocence exception set forth in *Peterman,* which permits a federal prisoner to file a § 2241 habeas petition, rather than to seek relief via a § 2255 motion to vacate, requires actual innocence of the underlying substantive offense, not innocence of a sentencing factor. *Rumler v. Hemingway,* 171 F. Supp. 2d 705, 709 (E.D.Mich. 2001); *See also Smith v. Smith,* 142 Fed. Appx. 57, 59 (3rd Cir. 2005)(Supreme Court decisions in *Blakely* and *Booker* did not decriminalize conduct for which federal inmate was convicted, and thus, inmate could not raise *Blakely/Booker* claim in § 2241 habeas petition).

The Court will therefore deny the petition for writ of habeas corpus. The Court will also transfer the matter to the Sixth Circuit for a determination of whether petitioner is entitled to file a second or successive motion to vacate sentence challenging his conviction and sentence. The Sixth Circuit has suggested that the proper procedure where a federal prisoner who has previously filed a § 2255 motion to vacate sentence files a petition for writ of habeas corpus under § 2241 would be for the district court to deny relief on the petition for writ of

6

habeas corpus under § 2241 and then transfer the matter to the Sixth Circuit [or the appropriate court of appeals] for a determination of whether petitioner is entitled to a certificate of authorization to file a second or successive § 2255 motion to vacate sentence. *See Rumler,* 171 F. Supp. 2d at 711.

Before a second or successive motion to vacate sentence is filed in a federal district court, an inmate shall first file a motion with the appropriate court of appeals requesting permission to file a second or successive motion to vacate sentence. *In Re Hanserd*, 123 F. 3d 922, 934 (6th Cir. 1997). If a second or successive motion to vacate sentence is erroneously filed with the district court, the court should transfer the motion to the the appropriate court of appeals pursuant to 28 U.S.C. § 1631. *Id.* Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

### III. <u>ORDER</u>

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial

of his habeas petition.

The Court **FURTHER ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) for a determination of whether petitioner can file a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2255.

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  February 27, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on February 27, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Secretary/Deputy Clerk

8