**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANDREW GROSS, III,

        Petitioner,

v.                              CASE NO. 06-CV-10551
                                 HONORABLE GEORGE CARAM STEEH
                                 UNITED STATES DISTRICT COURT

UNITED STATES OF AMERICA,

        Respondent,
_____/

**<u>OPINION AND ORDER DENYING MOTION FOR RELEASE PENDING REVIEW</u>**

      Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenged his sentence out of the U.S. District Court for the Eastern District of Michigan for mail fraud, credit card fraud, and identity theft. On February 27, 2006, the Court denied the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 and transferred the case to the Sixth Circuit for determination as to whether petitioner should be granted authorization to file a second or successive motion to vacate sentence under 28 U.S.C. § 2255. Petitioner has now filed a motion for release pending review of the Court's order. For the reasons stated below, the motion for release pending review is DENIED.

      This Court initially notes that the Federal Rules of Appellate Procedure do not apply to actions in a district court. *Rawson v. Sears, Roebuck & Co.*, 678 F. Supp. 820, 822 (D. Colo. 1988)(citing to Fed. R. App. P. 1(a). Petitioner would

therefore be unable to invoke Rule 23 (a) and (c) of the Federal Rules of Appellate Procedure to obtain release on bond.  In any event, to receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *See also Nash v. Eberlin,* 437 F. 3d 519, 526, n. 10 (6th Cir. 2006).  There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79.  Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F. 2d 204, 208 (6th Cir. 1984).  By implication, a federal court should not grant bail under other circumstances.  In light of the fact that petitioner failed to establish that he would prevail on the merits of his claims, he is not entitled to release on bail. *See Nieves v. Thomas,* 256 F. Supp. 2d 169, 171 (S.D.N.Y. 2003).

    **IT IS HEREBY ORDERED That** the Motion for Release Pending Review is DENIED.

Dated:  August 14, 2006

                                                S/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 14, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk